HEARD NOVEMBER TERM, 1873.

## MILLER *vs.* SIMONTON.

A deed by a trustee to his *cestui que trust*, reciting that all the personal assets of the trust estate had been previously transferred to the latter, and conveying to her the real estate, *held* to be a bar to an action by the *cestui que trust* against the trustee for account.

BEFORE GRAHAM, J., AT CHARLESTON, SEPTEMBER, 1872.

Action by Caroline L. Miller, plaintiff, against Charles H. Simonton, defendant.

In the year 1860 the defendant was appointed trustee of the plaintiff, then the wife of William Miller, under a deed dated 31st December, 1842, by which certain real and personal estate was settled to her sole and separate use during the joint lives of herself and husband, and from and after his death, if she should survive him, to her sole and absolute use, freed and discharged of and from all trusts whatsoever. Miller, the husband, died in July, 1862, and at that time the trust estate consisted of a house and lot in the city of Charleston, five negro slaves, and forty shares of the capital stock of the Bank of the State of Georgia. In August, and again in November, 1862, the plaintiff wrote to the defendant, requesting him to transfer the legal estate in the trust property to her. This he declined doing, giving as his reason that he was under the impression her children were included in the settlement, and adding, in substance, that when he had an opportunity he would examine the deed, and if he found they were not included, he would make the transfer. The defendant was at that time in the Confederate army and absent from home. He did not return until 1866, when, having ascertained that the plaintiff had become entitled, by the terms of the deed, to the absolute use of the property, he executed a release to the plaintiff, by which, reciting that he had previously transferred the bank stock and other personal estate to the plaintiff, he conveyed to her the house and lot.

The plaintiff had always had the possession and enjoyment of the real property and slaves, and had received the dividends on the bank stock. The stock was worth $100 per share until 1865, when the bank failed, and it became worthless.

The action was for account, the plaintiff contending that she was entitled to recover from the defendant the value of the personal estate, and especially of the bank stock, in 1862, when her estate

became absolute, and the defendant refused to transfer it to her, as he was requested to do.

The defendant, among other defenses, pleaded the Statute of Limitations, contending that the settlement made by him with the plaintiff in 1866 gave currency to the statute. His Honor sustained this and other defenses, and gave judgment for the defendant.

The plaintiff appealed.

*Corbin & Stone,* for appellant.

*Pressley, Lord & Inglesby,* contra.

Jan. 23, 1874. The opinion of the Court was delivered by

WILLARD, A. J. The terms of the deed between the plaintiff and defendant, bearing date twenty-eighth day of February, 1866, are decisive of a question on which the right of the plaintiff to recover depends. That deed conveys the real estate held by the defendant as trustee, and contains recitals by which it would appear that all the trust assets, including the shares of bank stock, specifically named and not transferred in terms by that deed, had been previously transferred from the defendant to the plaintiff. No attempt has been made by the plaintiff to give any other account of the nature of the transactions attending that deed than that which is declared by the deed or fairly to be inferred from its terms. Looking to the deed, we must infer that it was part of a final settlement between the parties in which all matters of difference between them were adjusted.

The condition of the estate, as it regards the bank stock, does not appear to have undergone any change since the date of the deed in question, as, previous to that time, the bank had failed; nor is any other reason furnished by the pleadings or proofs for disturbing any settlement then made between them.

It is not essential that the deed in question should operate as a final release in order to produce the effect ascribed to it. If it evidences, in any way, the fact of a settlement between the parties, it is conclusive until the presumptions arising from its terms are properly rebutted, and this has not been done. The recital in the deed of a previous delivery of the shares of bank stock stands unexplained and uncontradicted, and must be assumed as true.

This view of the case fully supports the judgment below, and renders it unnecessary to examine the other questions presented on the record.

The appeal must be dismissed.

*Moses*, C. J., and *Wright*, A. J., concurred.